IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

MELVIN M. HELMS                                                                    PLAINTIFF

       v.                                    CIVIL NO. 12-3158

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                            DEFENDANT

### <u>ORDER</u>

Plaintiff, Melvin Helms, brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a decision of the Commissioner of Social Security.  On July 12, 2013, Plaintiff's attorney filed a Motion to Withdraw after Plaintiff reportedly severed communication with said attorney. ECF No. 11.  On July 16, 2013, counsel's Motion was granted, and counsel was directed to provide Plaintiff with a copy of the Order allowing counsel to withdraw.  ECF No. 12.  Further, he was directed to provide the Court with proof of service.  Plaintiff was given fourteen days (14) from the date he received notice of counsel's withdrawal to acquire new counsel or to advise the Court that he would proceed *pro se*. The undersigned specifically stated that Plaintiff's failure to comply with said order within the required period of time would deem his complaint subject to summary dismissal for failure to obey a court order.

Counsel provided proof of service on July 19, 2013, evidencing that the Plaintiff signed for and received notification of counsel's withdrawal on July 17, 2013, which included a copy of the Court's Order.  ECF No. 13-1.  The Court also provided Plaintiff with a copy of the Affidavit of Service for the letter of withdrawal and Order on July 22, 2013.  To date, however, the Court has received no communication from Plaintiff or a newly appointed attorney on his behalf.

-1-

Rule 41(b) of the Federal Rules of Civil Procedure provides for the involuntary dismissal of a care for failure to prosecute or comply with a court order.  Case law provides that a district court may, in its discretion, dismiss an action on its own motion for failure to prosecute.  *Link v. Wabash R. R. Co.*, 370 U.S. 626, 630-632 (1962).  The power to invoke this sanction is necessary to "prevent undue delays in the disposition of pending cases and to avoid congestion."  *Id*. at 630.

Given the magnitude of the Social Security caseload in this district, we find that leaving Plaintiff's case on the docket, in spite of his failure to abide by the Order of this Court, would result in further congestion.  And, having given the Plaintiff ample notice of the possibility of dismissal, we believe this remedy is warranted.

Accordingly, the undersigned directs that the case be dismissed with prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

DATED this the 13th day of January 2014.

/s/ *J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE